**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LOKMAN HOSSAIN BABU,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   17-72104

Agency No. A093-299-492

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 30, 2020[**]
Portland, Oregon

Before:  GRABER, CLIFTON, and IKUTA, Circuit Judges.

Lokman Hossain Babu, a native and citizen of Bangladesh, seeks review of

the decision of the Board of Immigration Appeals (BIA) that affirmed the

determination of the immigration judge (IJ) to deny deferral of removal under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.[1]

The IJ did not err in making additional credibility findings on remand. The BIA's general articulation of the purpose for remand, without express retention of jurisdiction, was not sufficient to limit the scope of remand. *See Fernandes v. Holder*, 619 F.3d 1069, 1074 (9th Cir. 2010).

The IJ and the BIA did not err in evaluating Babu's CAT claim; they "denuded" Babu's CAT claim "of his discredited testimony" and independently considered other non-discredited evidence in the record that supported his claim. *Shrestha v. Holder*, 590 F.3d 1034, 1049 (9th Cir. 2010). Substantial evidence supports the BIA's conclusion that the country conditions evidence in the record failed to demonstrate it is more likely than not that Babu would be tortured upon his return to Bangladesh. *See Konou v. Holder*, 750 F.3d 1120, 1124–26 (9th Cir. 2004). The Department of State's 2015 Human Rights Report on Bangladesh described general strife but was insufficiently particularized to Babu's

---

[1] Babu failed to raise his argument under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), before the BIA. As a result, we lack jurisdiction to reach the merits of that claim. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). In any event, the argument is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 889 (9th Cir. 2020) ("[A]n initial NTA need not contain time, date, and place information to vest an immigration court with jurisdiction if such information is provided before the hearing.").

circumstances. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). The expert's testimony and report were insufficiently particularized, as well as speculative and premised on discredited testimony.

**PETITION DENIED.**